IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10198
Summary Calendar
_____

DON VENABLE,

                                        Plaintiff-Appellant,

versus

KATHLEEN LEOS; ET AL.,

                                        Defendants,

CHAD WOOLERY; LARRY FRIEDMAN; FRIEDMAN & ASSOCIATED;
ALAN B. RICH; DAVID REESE; SCHWARTZ & EICHELBAUM PC;
DENNIS J. EICHELBAUM,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2187
--------------------
September 27, 2000
Before DAVIS, JONES and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Don Venable, a self-professed watchdog over the Dallas

Independent School District (DISD), appeals the district court's

grant of summary judgment for the defendants in his 42 U.S.C.

§ 1983 action against Chad Woolery, General Superintendent of the

Dallas Independent School District, and the attorneys

representing Woolery.

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Venable contends that the trial court erred in requiring him to prove the elements of the allegedly analogous tort of malicious prosecution as part of his First Amendment retaliation claim.  He also argues that the district court erred by requiring him to demonstrate an elevated degree of injury.

In his single allegation of harm, that his access to his $1,000 bond was delayed, Venable has not crossed the threshold of actionable harm required under § 1983 on his claim for First Amendment retaliation.  Colson v. Grohman, 174 F.3d 498 (5th Cir. 1999); Pierce v. Texas Dep't of Criminal Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994).  The district court did not err.

We further find that Venable's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Venable's petition for en banc consideration and his motion to expedite such consideration are DENIED.